## No. 10,331.

HUERFANO VALLEY DITCH & RESERVOIR CO., ET AL., *v.* HUERFANO VALLEY INVESTMENT CO., ET AL.

Decided May 7, 1923.

Proceeding involving the validity of a water decree. Decree for claimant.

*Reversed.*

1. WATER RIGHTS—*Decree.* Unless the claimant to a water appropriation is entitled to the first priority from his source of supply, his priority should be given a date, and numbered, in the appropriation decree. Where these were omitted, the decree is construed to give claimant the first right from his source of supply, and the decree is held erroneous, it appearing that there were other prior appropriators from the same source.

2. APPEAL AND ERROR—*Change of Theory.* A claimant for a water priority, who in his statement of claim gives a natural stream as his source of supply, may not on review claim that he has developed a new source.

3. WATER RIGHTS—*Appropriation—Underflow.* The underflow of a river is part of it, and a depletion of the underflow is a depletion of the stream.

*Error to the District Court of Huerfano County, Hon. A. C. McChesney, Judge.*

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, Mr. JOHN H. VOORHEES, for plaintiffs in error.

Mr. JAMES T. LOCKE, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN a proceeding to adjudicate water rights the defendants in error obtained a decree giving them the right to divert by a pipe line underground water "intercepted and gathered by said pipe line beneath the bed of the Huerfano river, and Huerfano valley * * * as much of the said waters as said pipe line gathers, not to exceed————cubic feet of water per second of time, at all times when water can be had from said subterranean waters." The plaintiffs in error, having prior water rights from the Huerfano river, bring error.

It will be observed that the decree gives neither number nor date to the priority of the right awarded. This is the sole error assigned and we think the point well taken. We consider that the effect of the decree is to give the defendants in error right No. 1 from the source of their diversion, and that the question is whether they are entitled to the first priority from that source. If they are so entitled the decree is substantially right, though informal; if not, the decree is wrong, because the date and number of the priority should have been stated. The answer to the question depends on whether the source of the diversion is the Huerfano river, or one newly developed by the pipe line. If the former, the diversion depletes the river; if the latter, it does not and the rights of the plaintiffs in error are not affected.

Defendants in error claim that the record shows no injury to plaintiffs in error and does not even show that the subterranean waters belong to the river. They point out

that the evidence is not brought up and so, they argue, we must presume that the court below found that these waters did not belong to the river. The answer is that in its statement of claim each expressly alleged that its claim was for water from the Huerfano river and the underflow thereof, how, then, can they now claim that they have developed a new source?

The underflow of a river is part of it. *Medano Ditch Co. v. Adams,* 29 Colo. 317, 68 Pac. 431; *Buckers Irrigation Co. v. Farmers Independent Ditch Co.,* 31 Colo. 62, 72 Pac. 49.

If they were taking from the river surely it must deplete it. If it does so the decree gives the first right in the river to an appropriator of 1909, which is an injury to all prior appropriators.

The judgment must be reversed and the cause remanded for proceedings not inconsistent herewith.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.